SOUTHERN PAC. R. CO. v. LANE, Secretary of the Interior, et al.

(Court of Appeals of District of Columbia. Submitted Feb. 6, 1920. Decided March 1, 1920.)

No. 3300.

1. PUBLIC LANDS ⬡82—RAILROAD GRANT NOT VIOLATED BY REQUIRING LANDS TO BE TENDERED AS BASE FOR LIEU LANDS IN FORTY-ACRE TRACTS.

A railroad land grant (14 Stat. 292), providing that, when land is lost to the railroad for specified reasons, other lands may be selected in lieu thereof, is not violated by rulings of the Secretary of the Interior that, in tendering land as a basis for lieu lands, the company must not tender fractions of 40-acre tracts, where the company will not be prevented by such rulings from utilizing the base lands involved.

2. PUBLIC LANDS ⬡82—SECRETARY'S RULING AS TO MANNER OF TENDERING BASE FOR LIEU LANDS NOT SUBJECT TO COURT'S CONTROL.

Under a railroad land grant (14th Stat. 292), providing that, when land is lost to the company for specified reasons, it may select other lands in lieu thereof, under the direction of the Secretary of the Interior, a ruling of the Secretary that land tendered as base for lieu lands must not be tendered in fractions of 40 acres is a matter of administration, committed to the discretion of the Secretary, and not subject to the control of the courts.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Southern Pacific Railroad Company against Franklin K. Lane, Secretary of the Interior, and another. From a judgment dismissing the bill, plaintiff appeals. Affirmed.

A. A. Hoehling and C. F. R. Ogilby, both of Washington, D. C., for appellant.

C. E. Wright and C. D. Mahaffie, both of Washington, D. C., for appellees.

SMYTH, Chief Justice. The railroad company filed its bill against the Secretary of the Interior and the Commissioner of the General Land Office, in which it prayed that they might be restrained from enforcing certain rulings passed by the Secretary, and from rejecting

certain land selections made by the railroad company. The defendants moved to dismiss the bill, which motion was sustained, and the railroad company brings the case here for review.

Under an act of Congress (14 Stat. 292) the railroad company was granted by the government lands described therein. The act provides that, where lands are lost to the company for any of the reasons mentioned in it, other lands may be selected by the railroad in lieu thereof, "under the direction of the Secretary of the Interior." The lands lost are called "base" and those selected in their stead "lieu." In 1903 the railroad company filed a selection of lieu lands and designated other lands as base for them. It developed that the lands tendered as base were not within the primary limits of the grant, and hence were not good base. Later, in 1918, the company offered, in substitution for the invalid base, lands consisting of two tracts of 40 acres each, one of 10 acres, and one of 5 acres. The Commissioner declined to accept the base, for the stated reason that parts of a legal subdivision are not proper bases for making lieu selections, unless the entire legal subdivision is offered in the same list, and his action was affirmed by the Secretary.

The bill asserts that, if the relief sought is not granted, the contract effected between the company and the government by the granting act will be breached, and the company will, in consequence, suffer irreparable loss, damage, and injury.

On the other hand, counsel for the appellees urge that the practice in pursuance of which the selection was rejected is of long standing in the Land Department; that it was adopted by the Secretary, because in his judgment it was the best method by which to guard against errors and to facilitate the keeping of accurate accounts with the land grant railroads; that under it one can tell at any time by a glance of the eye "what legal subdivisions of lost base have been used in making lieu selections"; that to change the method now to conform with the views of the railroad company would be unwise, and would involve a radical departure from the present system of bookkeeping in that division of the department which has to do with the handling of railroad land selections. They point to the provision of the granting act which says that selections shall be made "under the direction of the Secretary of the Interior," and argue that the Secretary is thereby authorized to make such reasonable regulations touching the matter as he may deem proper. They add that the bill does not disclose that any substantial right of the railroad company is affected by the action of the defendants and that the contest is simply whether the method adopted by the Secretary or the one suggested by the railroad company is the better.

The claim that irreparable injury will result to the company is bottomed upon the charge that the Secretary's action violates the terms of the grant. The bill alleges nothing else, not even that the railroad company will be inconvenienced thereby, although counsel argues that it would.

[1] We do not think the rulings of the Secretary violate the grant. He did not refuse to give the railroad company lieu lands for proper

base, but simply provided that in tendering the base the company must follow a prescribed course—must not tender fractions of 40-acre tracts, that being the smallest legal subdivision known to the public land laws (Rev. Stat. § 2397 [Comp. St. § 4805]), except in case of mining claims and lands peculiarly situated. If the rulings assailed prevented the company from utilizing the base lands here involved, so that the company would be thereby deprived of a part of its grant, we would have a different question; but that is not so in the case before us. Possibly instances may arise under the rulings mentioned when that would happen. When they do, it will be time enough to dispose of them. At this time we can pass only on the case before us.

[2] Moreover, we are satisfied that the rulings we are considering, as they affect this case, are merely matters of administration, committed by Congress to the sound discretion of the Secretary, and, as such, are not subject to the control of the courts. As was said in Decatur v. Paulding, 14 Pet. 497, 515, Appx. (10 L. Ed. 559, 609):

"The interference of the courts with the performance of the ordinary duties of the executive departments of the government would be productive of nothing but mischief, and we are quite satisfied that such a power was never intended to be given to them."

See, also, United States ex rel. Ashley v. Roper, 48 App. D. C. 69, 76, and cases there cited.

We can discover no error in the judgment, and it is therefore affirmed, at the cost of the appellant.

Affirmed.